UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTRELL GREEN,

       Petitioner,

vs.            Case No. 2:12-cv-17-FtM-99SPC

KENNETH S. TUCKER, Secretary
Department of Corrections, FLORIDA
ATTORNEY GENERAL,

       Respondents.
_____

### OPINION AND ORDER

Petitioner Montrell Green ("Petitioner" or "Green"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on October 11, 2011.[1] Pursuant to the Court's Order to respond and show cause why

---

[1] The Petition was originally filed in the United States District Court for Northern District of Florida, Tallahassee Division, on October 13, 2011 and transferred to the Court on January 10, 2012. See January 10, 2012 Order (Doc. #5). However, the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

the Petition should not be granted (Doc. #9), Respondent filed a Limited Response on March 27, 2012, incorporating a motion to dismiss the Petition on the grounds that the Petition is time barred pursuant to 28 U.S.C. § 2244(d).[2] See Respondent's Motion

---

[2] On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

to Dismiss Petition as Time-Barred, Limited Response, Memorandum of Law (Doc. #6, Response) at 1. Respondent submits exhibits (Exhs. 1-22) in support of the Response. See Appendix of Exhibits (Doc. #10). Petitioner filed a reply to the Response (Doc. #13, Reply). This matter is ripe for review.

Green challenges his 2006 judgment of conviction for robbery, carjacking, kidnapping and armed robbery entered by the Twentieth Circuit Court, Lee County, Florida (case number 04-001062-CF). Green was sentenced to 15 years in prison on the robbery charge, and concurrent sentences of 20 years on each of the carjacking and armed robbery charges, followed by 25 years on the kidnapping charge. Exh. 3 at 4-11. Green's sentences and conviction were *per curaim* affirmed on direct appeal on **April 20, 2007**. Exh. 7. Consequently, Green's state conviction became final on Thursday, **July 19, 2007**. See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed).[3] This was after the April 24, 1996, effective date of the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas

---

[3] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

challenging his conviction expired on Friday, July 19, 2008.[4] Consequently, the Petition filed in this Court would be untimely, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, **241 days** of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.850 filed on **March 16, 2008**. Exh. 8. On **December 12, 2008**, the post-conviction trial court struck the motion. Exh. 12. Petitioner did not appeal or seek reconsideration of the adverse ruling. Consequently, Respondent contends that the order was final on **January 13, 2009**. Response at 6.

Affording Petitioner the benefit of the 30 days to appeal, another **70 days** of untolled time elapsed before Green filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel on **March 24, 2009**, applying the mailbox rule. Exh. 21. Thereafter, Petitioner filed his second Rule 3.850 motion

---

[4]Applying "anniversary date of the triggering event." <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008).

on April 5, 2009.[5]  Exh. 13.  On June 10, 2009, the state district court denied Petitioner's state petition.  Exh. 22.  On **May 5, 2011**, the post-conviction court denied Petitioner's second Rule 3.850 motion.  Exh. 17.  Green filed a motion for a rehearing on May 31, 2011, which was dismissed by the post-conviction trial court as untimely.[6]  Exh. 18.  On June 27, 2011, Green filed a notice of appeal.  Exh. 19.  The appellate court dismissed the appeal as untimely.[7]  Exh. 20.

Petitioner garners tolling from the date he filed his habeas (March 27, 2009) until thirty days after the date the post-conviction denied his second Rule 3.850 motion (June 6, 2011).[8]  Green does not garner any tolling from the filing of his motion for

---

[5]Respondent utilizes March 29, 2009, the date Petitioner attested to and signed his second Rule 3.850 motion, as the applicable filing date for AEDPA purposes.  See Response at 6. Upon review of the record, Petitioner's second Rule 3.850 motion is stamped "Provided to Santa Rosa C.I. April 5, 2009, For Mailing." See Exh. 13.  Consequently, the Court utilizes the April 5, 2009 date as the applicable filing date.  Nevertheless, the April 5, 2009 date is not relevant because Petitioner already had a state petition for writ of habeas corpus pending by the time he filed his second Rule 3.850 motion.  See Exh. 21.

[6]Under Florida law, a motion for rehearing must be filed within fifteen days of the final order.  Fla. R. Crim. P. 3.850(h); Ramsey v. State, 52 So. 3d 16 (Fla. 2d DCA 2010).  If timely filed, the motion tolls the finality of the order.  Rule 3.850(h).

[7]Rule 3.850(i) requires appeals to be filed within thirty days of a final order.  Petitioner's untimely motion for rehearing did not toll the finality of the May 5, 2011 order.

[8]Because the 30 days expired on a weekend day (Saturday), Petitioner had until the next business day (Monday) to file an appeal.

rehearing or his notice of appeal. <u>Evans v. Chavis</u>, 546 U.S. 189, 191 (2006)("[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." (italics in original, citations omitted)).

Petitioner, however, contends that he should be afforded tolling from March 16, 2008, the date he filed his first Rule 3.850 motion, until May 5, 2011, when the post-conviction court denied his second Rule 3.850 motion. Reply at 3. In support, Petitioner argues that the post-conviction court's December 12, 2008 order was not a final order and was not appealable. Reply at 3. In essence, Petitioner is seeking tolling between the date he filed his first Rule 3.850 (March 16, 2008) and the date he filed his second Rule 3.850 motion (April 5, 2009).[9]

The test of finality, as articulated by Florida case law, is "whether the order in question constitutes the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause as between the parties directly affected." <u>S.L.T. Warehouse Co. v. Webb</u>, 304 So. 2d 97, 99 (Fla. 1974). Here, the post-conviction court struck Petitioner's original and two amended Rule 3.850 motions on

---

[9]In actuality, Petitioner filed his state habeas on March 24, 2009, before he filed his second Rule 3.850 motion on April 5, 2009.

December 11, 2008, finding the original Rule 3.850 motion "for the most part, legally insufficient." Exh. 12 at 2, ¶4. The post-conviction court did not specifically direct Green to file an amended motion or set a specific time-frame in which he was required to file a legally sufficient motion. Id. at 2. See Spera v. State, 971 So. 2d 754, 761 (Fla. 2007)(noting that court should strike insufficient motion with leave to amend within "reasonable period" and opining that reasonable time period is "normally . . . between ten and thirty days" and stating "[w]e do not envision that window of opportunity would exceed thirty days and may be less."). Instead, the state court ordered that Green "**may** file one, and only one, legally and facially sufficient 3.850 motion, which includes all of Defendant's allegation and is within the rule's two-year time limitation." Id. (emphasis added). Petitioner was not specifically ordered to amend and was not provided a definitive time period in which he was required to amend. Consequently, under Florida law, it is unclear whether the post-conviction court's December 11, 2008 order was an appealable order. See Howard v. State, 976 So.2d 635, 636 (Fla. 5th DCA 2008); Smith v. State, 100 So. 3d 201, 202 (Fla. 2d DCA 2012).

Irrespective of whether the December 12, 2008 order was a final order and subject to appeal is not relevant to whether Petitioner had a post-conviction motion pending for AEDPA purposes. More specifically, Petitioner is only entitled to tolling when "a

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). When Petitioner filed his first Rule 3.850 motion on March 16, 2008 the motion was "properly filed" and "pending" for AEDPA purposes. However, when the post-conviction court struck the motion on December 11, 2008, the first Rule 3.850 motion was no longer pending. Smith v. Buss, 2011 WL 818157 * 6 (N.D. Fla. 2011)(motion is not pending so as to toll federal limitations period when state court strikes motion as facially insufficient); Fisher v. Tucker, 2012 WL 1903047 *3 (N.D. Fla. 2012) (finding post-conviction motion no longer "pending" after being struck by trial court until amended motion filed)(citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)(stating "The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court.")). See also Carey v. Saffold, 536 U.S. 214, 219-20 (2002)(holding post-conviction motion is only pending "as long as the ordinary state collateral review process is 'in continuance' i.e., 'until the completion of that process.")." Thus, Petitioner is not entitled to equitable tolling for the period of time between the filing of his first Rule 3.850 motion and the filing of his second Rule 3.850 motion.

Consequently, **June 6, 2011** (thirty days from the date the post-conviction court denied the second Rule 3.850 motion) is the operative date for purposes of restarting the AEDPA clock. Petitioner permitted an additional **127 days** of untolled time to elapse before he filed the instant Petition on October 10, 2011. Thus, affording Petitioner the tolling to which he is entitled for his properly filed post-conviction motions, the Petition was filed **438 days** (241+70+127) after his conviction became final. Even if the Court afforded Petitioner the benefit of tolling from March 16, 2008 (the date of his first Rule 3.850 motion) to June 6, 2011 (30 days after the denial of his second Rule 3.850 motion) the Petition was still filed 368 days (241+127) after his conviction became final. Thus, under either scenario, the one year time period had elapsed. Thus, the Petition is time-barred.

The Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Further, to demonstrate the

"extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The petitioner bears the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). Here, Petitioner does not contend that he is entitled to equitable tolling. Instead, as set forth above, Green incorrectly assumes that he is entitled to tolling for time between the filing of his first and second Rule 3.850 motions.

Based upon the foregoing, the Court finds the Petition is time barred and finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1. The Petition (Doc. #1) is **DISMISSED** with prejudice as untimely.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Orlando, Florida, on this 29 day of January, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record